**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CRIMINAL ACTION NO. 18-22-DLB-MAS-1
CIVIL ACTION NO. 20-32-DLB-MAS

UNITED STATES OF AMERICA                                          PLAINTIFF

v.            **ORDER ADOPTING REPORT & RECOMMENDATION**

ASHLEY L. ROMAN                                                   DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Report & Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 103), wherein he recommends that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 71) be denied.  Defendant Roman having filed Objections (Doc. # 105) and the United States having filed a Response (Doc. # 106), the R&R is now ripe for the Court's review.  For the reasons set forth herein, Defendant's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 14, 2018, Ashley Roman was indicted on charges of conspiracy to distribute and possession with intent to distribute methamphetamine, as well as multiple related firearm offenses, (Doc. # 1), and in November of 2018, a superseding indictment was returned, modifying the charged substances and quantities, (Doc. # 24).  On January 17, 2019, Roman pled guilty to Counts 1 and 5 of the superseding indictment pursuant to

1

a plea agreement. (Docs. # 47 and 48). Roman was then sentenced to 180 months' imprisonment followed by five years' supervised release. (Doc. # 70). Roman's plea agreement contained the following waiver of her appellate rights:

> The Defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to appeal any sentence unless that sentence exceeds both the statutory minimum sentence and the low end of the advisory guideline range adopted by the Court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In return, the United States agrees that it will not seek a term of imprisonment greater than the low end of the advisory guideline range adopted by the Court, including any modifications for statutory minimums.

(Doc. # 48 at 4-5). Roman did not file a direct appeal.

On March 6, 2020, Roman, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising two grounds for relief: (1) her mental state at the time of rearraignment rendered her guilty plea invalid, and (2) her trial counsel was ineffective for failing to file a notice of appeal. (Doc. # 71). On May 13, 2020, the United States filed a response in opposition to Defendant's § 2255 Motion (Doc. # 83) and on June 8, 2020, Roman filed a reply (Doc. # 86). An evidentiary hearing was held on October 5, 2020 limited to the issue of whether Roman instructed her trial attorney to appeal her sentence. (Docs. # 88, 96, and 98).

On November 9, 2020, the Magistrate Judge issued an R&R recommending denial of Defendant's § 2255 Motion. (Doc. # 103). First, the Magistrate Judge found that based on the record, including defense counsel's assurance that she had no reason to doubt Roman's competency and the Court's probing of Roman's understanding of the plea agreement, Roman failed to demonstrate that her acceptance of the plea agreement was involuntary. (*Id.* at 5-8). Further, the R&R concluded that Plaintiff's trial attorney, Mary

Rafizadeh, was not ineffective for failing to investigate Roman's competency and that Roman failed to demonstrate that she would not have pled guilty had counsel investigated her mental and emotional health issues. (*Id.* at 8-9).

Second, the Magistrate Judge found that Plaintiff's trial attorney was not constitutionally deficient for failing to file an appeal, as Roman did not demonstrate that she requested Rafizadeh to file an appeal on her behalf. (*Id.* at 9-11). The Magistrate Judge also found that Roman's trial attorney was not deficient for failing to consult with Roman about filing an appeal, as counsel "could not reasonably have known, that either Roman specifically or a rational defendant in Roman's position would have sought an appeal." (*Id.* at 12-13).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(2), a habeas petitioner may object to a magistrate judge's recommended disposition. If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). The Sixth Circuit has held that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (alteration omitted) (quoting *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th

Cir. July 18, 1997) (unpublished opinion)).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). "Moreover, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (internal quotation omitted) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

### III.    OBJECTIONS

Roman has filed several objections to the R&R, (Doc. # 105), each of which will be addressed in turn.  Roman's first objection alleges that the Court deprived her of effective assistance of counsel at the evidentiary hearing concerning her § 2255 Motion.  (*Id.* at 2-3).  Defendant specifically alleges that the attorney appointed to represent her at the hearing did not assist her in obtaining a mental health evaluation or BOP medical records and did not interview any witnesses prior to the hearing.  (*Id.* at 2).  Yet, Defendant's objection regarding the effectiveness of her post-conviction counsel is misplaced, as there is no constitutional right to counsel in a § 2255 proceeding.  *See Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005).  Further, it is not clear in what way Roman believes the Court impeded her appointed attorney from either requesting medical records or interviewing/calling witnesses.  Roman's continued assertion that she was entitled to appointed counsel for assistance beyond the scope of the evidentiary hearing is meritless for the reasons stated in the Court's prior Order overruling Plaintiff's Objections to the Magistrate Judge's dismissal of her appointed counsel at the close of the evidentiary

4

hearing. (*See* Doc. # 104). Roman's objections regarding her post-conviction counsel are accordingly **overruled**.

Next, Roman argues that "the Magistrate Judge disregarded the applicable legal standard" for determining whether her trial counsel was ineffective for failing to consult her regarding filing an appeal despite her appeal waiver. (Doc. # 105 at 3-7). According to Roman, the Magistrate Judge erred in finding that Attorney Rafizadeh had no duty to consult with her about her right to appeal. (*Id.* at 7). The Magistrate Judge correctly identified the test for whether defense counsel had a duty to consult about an appeal, which requires courts to assess whether the attorney had "reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that [she] was interested in appealing." (Doc. # 103 at 11) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). As the R&R further notes, courts must consider "all of the information counsel knew or should have known" when assessing the existence of a duty to consult. (*Id.*) (quoting *Flores-Ortega*, 528 U.S. at 480). In addition, "[a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.

Roman states in her Objections that after her sentencing she was "unhappy" with the sentence she received as compared to those of her co-defendants and that she inquired about appealing. (Doc. # 105 at 3, 6). However, this assertion is controverted by Roman's testimony at the evidentiary hearing that she did not speak with Rafizadeh after her sentencing. (Doc. # 98 at 2). At the evidentiary hearing, Roman also clarified

that she never made a request for Rafizadeh to file an appeal, which was confirmed by her defense attorney. (*Id.* at 9, 18). Thus, the Court agrees with the Magistrate Judge's conclusion that defense counsel had no duty to consult with Roman under *Flores-Ortega* in light of the circumstances presented, including Roman's appeal waiver and the Court's downward departure and award of the statutory minimum sentence, as well as the fact that Roman did not express an interest in appealing to her attorney. (*See* Doc. # 103 at 12-13). Roman's objection regarding counsel's duty to consult her on filing an appeal is **overruled**.

Roman's third objection raises a number of arguments in response to the Magistrate Judge's finding that Defendant failed to demonstrate that her plea agreement was not knowing and voluntary. (Doc. # 105 at 7-12). First, Roman reiterates the argument raised in her § 2255 Motion that she was deprived of access to a mental health expert, rendering her guilty plea invalid. (*Id.*at 7-9); (*see also* Doc. # 71-2 at 5-6) (asserting in § 2255 memorandum that "this Court is in possession of a pre-trial letter from Defendant Roman, requesting [ ] a mental health evaluation before proceeding forward, which has never been addressed by the Court. See (Doc. 67)"). Roman similarly argues that the Court's failure to order a mental evaluation violated her Due Process rights. (Doc. # 105 at 11).

The R&R details the District Court's probing of Roman's understanding of the plea agreement during her plea colloquy and the Court's finding, based on Roman's responses and her trial attorneys' denial of any perceived competency concerns, that Roman was competent to enter an informed plea. (Doc. # 102 at 6) (citing Doc. # 77). In her Objections, Roman specifically points to a pro se letter she submitted to the Court on

6

August 14, 2018, (Doc. # 14), allegedly requesting a mental health evaluation. While Roman stated in the letter that she suffers from PTSD, anxiety, and severe manic depression, the letter did not request a mental health evaluation and instead requested transfer to a different facility. (*Id.*). As the Magistrate Judge noted, Roman's other pro se letter on the docket, (Doc. # 67), which similarly requested a transfer (this time based in part on untreated mental health issues) was submitted *after* her plea hearing. Roman has therefore failed to identify any evidence in the record that she requested a mental health evaluation or the assistance mental health expert.

At this juncture, the Court will address Roman's pending Motion to Expand the Record, (Doc. # 107), submitted after entry of the R&R, in which Roman seeks leave to provide her BOP medical records in support of her argument that her guilty plea was not knowing and voluntary. Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, the Court may direct parties to "submit[] additional material relating to the motion." Although it would have been prudent for Roman to submit the medical records prior to entry of the R&R, Roman notes in her Objections that she experienced delays in obtaining the records due to the COVID-19 pandemic. (Doc. # 105 at 1). Accordingly, the Court will **grant** Roman's Motion to Expand the Record out of an abundance of caution and in light of the alleged delays. However, the medical records submitted do not pertain to mental health treatment Roman received prior to her January 2019 rearraignment, and instead cover the period of approximately August 2019 to June 2020. (*See* Doc. # 107-1). In any case, to the extent these records shed light on Roman's mental state at the time she entered a guilty plea, they do not indicate that she was suffering from legally impairing mental health issues. For example, her records from August 2019 reference

7

her struggles with PTSD and anxiety but also note that she was not, at that time, suicidal or experiencing hallucinations, with her psychiatric condition judged to be "within normal limits." (Doc. # 107-1 at 2). Another report from around the same time indicates that despite her reported mental health history, Defendant did "not evidence any signs of mania, psychosis, or acute distress." (*Id.* at 12). Thus, the Court adopts the Magistrate Judge's finding that Roman's guilty plea was knowingly and voluntarily given based on the circumstances surrounding the plea, including Roman's sworn statements during her plea colloquy and Roman's attorney's assessment of her competence. Roman's objections to the R&R's finding that her plea was knowing and voluntary are **overruled**.

Defendant also reasserts in her Objections her argument that trial counsel was constitutionally ineffective for having failed to investigate her competence. (Doc. # 105 at 9-10). Roman argues that Attorney Rafizadeh was aware of her mental health issues because her attorney described in her sentencing memorandum the difficulties Roman has faced in her life and acknowledged that Roman suffers from bi-polar disorder and periods of mania. (*Id.* at 10) (citing Doc. # 68 at 3). Defendant argues that this knowledge, combined with her attorney's awareness that she was experiencing suicidal thoughts and emotional distress from having lost her sons to the foster care system demonstrate that Rafizadeh should have been aware of Roman's mental health issues and requested a mental evaluation prior to her guilty plea. (*Id.*). Yet, even assuming Attorney Rafizadeh was aware of Roman's mental health history, Roman provides no evidence suggesting that her mental health issues impaired her competence to enter the guilty plea. As the Magistrate Judge noted, Rafizadeh averred that "[a]t no point during the representation did [she] believe that Ms. Roman was incapable of participating in her defense. In fact,

8

she was very engaging. She was able to express the charges, her concerns, and her opinions of every aspect." (Doc. # 83-1). Counsel further stated that "[t]here was no time during any discussion that Ms. Roman exhibited an[y] deficiency or lack of understanding," and that "at no time did Ashley appear to be confused, or forced, or under an[y] type of duress about the plea offer, or the consequences of her decision to enter a plea." (*Id.*). In addition, Roman provides no evidence that counsel was aware that she was having suicidal thoughts while in detention. Accordingly, the Court adopts the R&R's conclusion that Roman's trial attorney was not deficient for failing to investigate Roman's mental competency. Moreover, Roman's Objections do not challenge the R&R's finding that Roman failed to demonstrate how counsel's alleged deficiency resulted in prejudice under the second *Strickland* prong. (*See* Doc. # 103 at 8) ("Roman [has not] offered any evidence to suggest that she would have been found incompetent, or that she ultimately would have chosen not to plead guilty, had counsel explored the alleged mental and emotional health issues."). Thus, Roman's objections concerning her claim that her trial attorney was deficient for failing to investigate her mental health issues are **overruled**.

Finally, the Court agrees with the Magistrate Judge's assessment that a certificate of appealability is not warranted in this case as reasonable jurists would not debate the denial of Roman's § 2255 Motion or conclude that the issues warrant further review. (*See* Doc. # 103 at 14-15).

## IV.     CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

9

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 103) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objections (Doc. # 105) are hereby **OVERRULED**;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 71) is hereby **DENIED**;

(4) Defendant's Motion to Expand the Record and Motion to Seal (Doc. # 107) is **GRANTED**;

(5) This matter is hereby **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(6) For the reasons set forth herein and in the Magistrate Judge's R&R (Doc. # 103), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(7) A separate Judgment will be filed concurrently herewith.

This 14th day of April, 2021.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2017\17-1-2 Order Adopting R&R 2255.docx